UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61191-LEIBOWITZ/AUGUSTIN-BIRCH

**FINE FOOD FACTORY, INC.**,

    *Plaintiff*,

v.

**FACILITRACE LLC,** *et al.*,

    *Defendants*.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand Case to Florida State Court and for Award of Attorneys' Fees and Costs (the "Motion") [ECF No. 14], filed on July 16, 2024. The Court has reviewed the Motion, the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED IN PART and DENIED IN PART**. Plaintiff's request to remand the case is **GRANTED**, and Plaintiff's request for attorneys' fees and costs is **DENIED**.

    **I.**    **STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). They may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. The Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## II.  BACKGROUND

In this breach of contract action, Plaintiff Fine Food Factory, Inc., is a distributor of food products.  Defendant Afritex Ventures, Inc. ("Afritex"), supplies seafood products to retailers.  Defendant Banigan is the controlling shareholder of Afritex.  [*See* ECF No. 1-6 ¶ 11].[1]  Defendants Diamond, Van Der Burgh, and Fineberg are officers of Afritex.  [*Id.* ¶ 12].  Defendant Facilitrace, LLC ("Facilitrace"), is solely owned and operated by Banigan.  [*Id.* ¶ 11].

In November 2022, Facilitrace contracted to purchase $7 million of crab from Plaintiff for Afritex's benefit so that Afritex could sell the crab to Kroger grocery stores.  [*Id.* ¶¶ 16–19].  Plaintiff alleges that Facilitrace and Afritex breached this contract when Facilitrace ultimately refused to pay for or take delivery of the crab on behalf of Afritex.  [*Id.* ¶ 21].  The Complaint also contains numerous common law and statutory claims based on the relationships among Facilitrace, Afritex, and Afritex's officers.  Plaintiff theorizes that Facilitrace is the alter ego of Banigan and Afritex— Plaintiff alleges that Facilitrace was "formed solely for the improper purpose of evading the contractual and financial obligations" of Afritex.  [*Id.* ¶¶ 12–15].  Accordingly, Plaintiff argues that the individual Defendants and Afritex are liable for any contract obligations and liabilities incurred by Facilitrace.  [*Id.*].

Plaintiff initially filed suit against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in February 2024.  [*See* ECF No. 14 ¶ 4].  In April 2024, Plaintiff filed the operative, Second Amended Complaint (the "Complaint"), which is comprised entirely of state law claims.[2]  [*See id.*; ECF No. 1-6].  Then, on May 15, 2024, Facilitrace filed a Chapter

---

[1]   ECF No. 1-6 (Exhibit E to the Notice of Removal) is the Second Amended Complaint filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida; case number: CACE24002579.  It is the operative complaint (the "Complaint").

[2]   The Complaint consists of thirteen causes of action, including: three counts of breach of contract, one count of breach of guaranty, one count of fraudulent inducement, two counts of breach of fiduciary duty, one count of civil conspiracy, one count of a violation of the Florida Deceptive and

7 Petition in the Bankruptcy Court for Northern District of Texas.[3] [ECF No. 1 ¶ 1]. Based on the bankruptcy case, on July 8, 2024, Defendant Van Der Burgh filed a Notice of Removal [ECF No. 1] to this Court pursuant to 28 U.S.C. § 1446. [*See id.* ¶ 28]. In the Notice of Removal, Defendants[4] state that removal is proper because "[t]his matter is related to the bankruptcy proceedings filed by Facilitrace as the Defendant intends to assert claims against Facilitrace for contribution and indemnity arising out of Plaintiff's claims. As such, the outcome of this proceeding will have an effect on the estate being administered in bankruptcy." [*Id.*]. On July 12, 2024, Defendants Van Der Burgh, Afritex, and Banigan filed a Motion to Transfer Venue [ECF No. 11] of this action to the bankruptcy court in Texas.[5]

---

Unfair Trade Practices Act (FDUPTA), one count of open account, one count of account stated, one count of unjust enrichment, and one count of quantum meruit. [*See* ECF No. 1-6, Counts I-XIII].

[3]     The Parties do not dispute that the Northern District of Texas was the proper venue to declare bankruptcy, as Facilitrace is incorporated and has its principal place of business in Collin County, Texas. [*See* ECF No. 1-6 ¶ 3]. The bankruptcy proceedings are styled: *In re Facilitrace, LLC*, Case No. 24-31326-sgj7 (Bankr. N.D. Tex.). Additionally, for jurisdictional purposes, the Court notes that Afritex is also incorporated and has its principal place of business in Texas. [ECF No. 1-6 ¶ 4]. Defendants Banigan and Diamond are residents of Texas, while Defendant Fineberg resides in Colorado. [*Id.* ¶¶ 5–6, 8]. However, not only is Plaintiff incorporated in and has its principal place of business in Broward County, Florida, but Defendant Van Der Burgh also resides in Seminole County, Florida. [*Id.* ¶¶ 2, 7].

[4]     Defendants Afritex and Banigan filed a Notice of Consent to Removal on July 23, 2024. [ECF No. 27].

[5]     Defendants allege several reasons as to why transferring this case to the Northern District of Texas is "in the interests of justice," including efficiency and enforceability. [*See* ECF No. 11 ¶¶ 16-22]. However, as Plaintiff correctly points out in its Response [ECF No. 17], most courts hold that "when presented simultaneously with a motion to remand a case to state court and a motion to transfer venue to another federal court, the court should consider the motion to remand prior to the motion to transfer venue." [*See* ECF No. 17 ¶ 9 (citing *Lennar Corp. v. Briarwood Cap., LLC*, 430 B.R. 253, 260 (Bankr. S.D. Fla. 2010))]; *Hunters Run Prop. Owners Assoc., Inc. v. Centerline Real Estate, LLC*, 2023 WL 2584997, at *2 (S.D. Fla. Mar. 21, 2023). Indeed, deciding a motion for remand before a motion to transfer "is in accord with the majority view that jurisdictional issues should be considered first." *In re United Container LLC*, 284 B.R. 162, 167 (Bankr. S.D. Fla. 2002); *Global Underwriting Mgmt., Inc. v. Chatham Underwriting Mgmt., Inc.*, 147 B.R. 601, 603 (Bankr. S.D. Fla. 1992) ("At the outset, the Court notes that where both a motion to abstain and a motion to transfer venue are pending, it is proper to

In response to Defendants' removal and request to transfer, Plaintiff filed the instant Motion[6] [ECF No. 14] on July 16, 2024.  In the Motion, Plaintiff makes three arguments: (1) this Court should remand this action pursuant to 28 U.S.C. § 1334(b), because this case is not related to the bankruptcy proceedings, [ECF No. 14 ¶¶ 17–21]; (2) even if this action is related to the bankruptcy proceedings, this Court must remand the case under 28 U.S.C. § 1334(c)(2), because the Court does not have an independent basis for jurisdiction, the claims involved do not arise under Title 11 of the Bankruptcy Code, and this case was commenced and could be timely adjudicated in state court, [ECF No. 14 ¶¶ 22–29]; and (3) this Court should exercise its discretion under 28 U.S.C. § 1334(c)(1), and remand this action in the interest of justice, [ECF No. 14 ¶¶ 30–36].  Additionally, Plaintiff argues that this Court should award it attorneys' fees because Defendants filed the bankruptcy petition as a thinly veiled attempt to forum shop for a more convenient location for the Texas Defendants.  [*See id.* ¶ 38].

Defendants filed their Response in Opposition to the Motion on July 30, 2024.  [ECF No. 34].  Defendants respond that this action is related to the bankruptcy proceedings because "[i]f Plaintiff were to be successful, Plaintiff's claims would clearly affect Facilitrace because Plaintiff is seeking a debt directly from Facilitrace's bankruptcy estate and Defendant Afritex is also a creditor in the estate, along with the other defendants who have claims because of Plaintiff's lawsuit." [*See id.* at 4].  Defendants further argue that this case is a "core proceeding" which preempts mandatory remand under 28 U.S.C. § 1334(c)(2).  [ECF No. 34 at 5–6].  Moreover, Defendants argue that a fee award is unwarranted because removal to the Southern District of Florida was proper.  [*Id.* at 3 (citing 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action … to the district court

---

consider the motion to abstain first because it is jurisdictional and dispositive.").  Accordingly, this Court may decide the motion to remand prior to deciding the pending motion to transfer venue.

[6]     Plaintiff amended its previous Motion to Remand [ECF No. 13] to include a request for attorneys' fees and costs.  This Court entered an Order denying the previous motion as moot.  [ECF No. 15].

4

for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.'"))].

Additionally, Plaintiff filed a motion to dismiss the Bankruptcy Court proceedings in the Northern District of Texas, arguing "that the Facilitrace Bankruptcy had been filed in bad faith," and impermissibly sought "liquidation of a debtor that listed no assets or business operations on its bankruptcy schedules." [*See* ECF No. 43 ¶ 2].  While the Bankruptcy Court initially granted Facilitrace leave to amend its schedules, it ultimately found that Facilitrace "did not put on any evidence to show … [that] there was a valid bankruptcy purpose [ ] that might have justified" the petition.  [*See* ECF No. 43-2 at 42:12–25].

Accordingly, on August 5, 2024, the Bankruptcy Court for the Northern District of Texas entered an Order dismissing the bankruptcy case with prejudice but did not impose attorneys' fees, citing a lack of evidence of bad faith or nefarious intent.  [*See id.* at 41:17–22 ("So, again, under the totality of the circumstances, I do find dismissal is appropriate pursuant to Section 707(a) of the Bankruptcy Code.  I am not going to shift any attorney's fees here.  It is a tough thing to meet Rule 11 standards, and I think this is where Ms. Driver's argument becomes the most meaningful, that there wasn't evidence.")]; [*see also id.* at 42:12–25 ("I think we would need a little more than just the record here to shift attorney's fees, so I am going to deny that request.  But to give this order a little more teeth, I am going to say that the dismissal should be with prejudice to any refiling by this company for a period of one year.  Again, I'm kind of looking at the fact that the debtor did not put on any evidence to show, look, there was a valid bankruptcy purpose here that might have justified what we did.  I think that would have been helpful.")].

Thereafter, on August 9, 2024, Plaintiff filed its Reply to Defendants' Response to the Motion. [ECF No. 43].  Plaintiff points to the Bankruptcy Court's dismissal as a boon—arguing that the very

5

court Defendants argue should hear this case effectively severed any tether this action had to federal court. [*See id.* ¶ 1].

While Plaintiff's argument has some force, this Court cannot simply remand this case based on the Bankruptcy Court's decision because "federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis of the facts *at the time of removal*." *In re WorldCom, Inc. Securities Litig.*, 294 B.R. 553, 556 (S.D.N.Y. 2003) (emphasis added). Furthermore, on September 22, 2024, Afritex filed a Chapter 11 Petition in the Bankruptcy Court for Northern District of Texas. [*See* ECF No. 82 ¶ 7]; *In re: Afritex Ventures, Inc.*, Case No. 24-43390-elm11 (Bankr. N.D. Tex. 2024). Accordingly, this Court is obligated to consider the parties' arguments, decide whether it has jurisdiction over this ancillary case, and then decide whether to remand this case to state court.

### III. DISCUSSION

#### a. "Related To" Jurisdiction

"[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A party may remove an ancillary, state court case which "arises in" or is "related to" a bankruptcy case. *See id.*; 28 U.S.C. 1452(a). A case has "related to" jurisdiction where, even though it could stand alone, "it nonetheless bears a connection with the title 11 case sufficient to bring it within federal bankruptcy jurisdiction.'" *In re Jimenez*, 627 B.R. 536, 541 (Bankr. S.D. Fla. 2021) (quoting *In re Brit. Am. Ins. Co. Ltd.*, 488 B.R. 205, 218 n. 9 (Bankr. S.D. Fla. 2013)). Courts typically find that "related to" jurisdiction exists when the result of the dispute could conceivably affect the estate being administered in bankruptcy. *Hill v. Re*, 574 B.R. 322, 330 (N.D. Ga. 2017). In turn, a dispute could "conceivably" affect the bankruptcy estate "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action," or where the outcome affects "the handling and administration of the bankrupt

6

estate." *Miller v. Kemira, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). If a case is deemed "related to" the bankruptcy action, the bankruptcy court may hear the ancillary case.

To reiterate, "related to" jurisdiction is determined at the time of removal. *See In re WorldCom, Inc. Securities Litig.*, 294 B.R. at 556. In the instant case, the only bankruptcy proceedings pending at the time of removal were the Facilitrace bankruptcy proceedings. Thus, even though the Afritex bankruptcy proceedings are now pending, those proceedings are not relevant to the Court's analysis here.[7] Instead, the relevant question when a bankruptcy case is terminated, as in the case here, is whether a district court should retain jurisdiction over an ancillary case that came before it along with that underlying bankruptcy case.

The bankruptcy courts' procedure for retaining jurisdiction over a related, ancillary case following dismissal of the bankruptcy case is informative. The general rule is that "the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings." *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989); *see also In re Morris*, 950 F.2d 1531, 1535 (11th Cir. 1992) (holding that "[a]lthough dismissal of the bankruptcy case usually

---

[7] Defendants argue that "the separate and independent filing of Afritex's bankruptcy now provides an additional basis for this Court to exercise federal jurisdiction." [ECF No. 82 at 6]. In support of this argument, Defendants cite *Xactron Management Ltd v. Kreepy Krauly U.S.A., Inc.*, 696 F. Supp. 1465 (S.D. Fla. 1988). The *Xactron* court held that "[w]here a cause of action is properly removed on the basis of federal question, Plaintiff cannot unilaterally act to divest a court of jurisdiction by deleting the federal element. The right of removal has been statutorily conferred upon Defendants; Plaintiff cannot defeat this statutory right by subsequent amendment or act." *Id.* at 1466 (internal citations omitted). The *Xactron* case, however, did not hold that a subsequent act after removal would create a new basis for federal jurisdiction as Defendants contend. Furthermore, the Eleventh Circuit has held that courts are prohibited from relying on post-removal events in examining subject-matter jurisdiction. *See Poore v. American-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290 (11th Cir. 2000), *overruled in part on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007). Therefore, the Afritex bankruptcy is not relevant to this Court's analysis of its jurisdiction because that event happened post-removal. As Defendants concede [*see* ECF No. 82 at 7], the Afritex bankruptcy proceedings could only confer jurisdiction on this Court should the Court remand this action to state court and the Defendants remove the case again based on the Afritex bankruptcy.

7

results in dismissal of all remaining adversary proceedings, 11 U.S.C. § 349 gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown"). Indeed, some courts simply dismiss the ancillary case without elaboration following dismissal of the bankruptcy proceedings. *See Auger Drilling, Inc. v. Johnson*, 2019 WL 13193807, at *1 (N.D. Tex. Sept. 11, 2019) (stating that "[i]t is undisputed that the only basis for federal court jurisdiction pled by Plaintiffs, section 1334(b), no longer exists because the bankruptcy court dismissed the bankruptcy proceedings involving Auger … Consequently, the Court grants the motion to remand.").

However, there is case law which states that "notwithstanding the general rule, nothing … prohibits the continuance of federal jurisdiction over an adversary proceeding which arose in or was related to a bankruptcy case following dismissal of the underlying bankruptcy case." *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992). Accordingly, most bankruptcy courts, rather than summarily dismiss an ancillary action, instead weigh several factors when deciding whether to retain jurisdiction. *Id.* These factors include: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Id.* at 1535. Typically, these factors support remand where: (1) the bankruptcy proceedings have been dismissed, (2) discovery has not commenced in federal court, and (3) the plaintiff seeks a jury trial on its claims. *Id.* (holding that "[t]he decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court or the district court, depending upon where the adversary proceeding is pending" and weighing the relevant factors); *see also In re Russell*, 713 F. App'x 991, 991 (11th Cir. 2018) ("The bankruptcy court correctly applied the *Morris* factors, noting that the underlying bankruptcy had been dismissed, that discovery had not yet occurred on Russell's claims, that the defendants had not consented to adjudication by the bankruptcy court, and that Russell was seeking a jury trial for his claims.").

Here, the balance of the *In re Morris* factors support remand. The Facilitrace bankruptcy proceedings have been dismissed. The contract at issue in this case was executed in Florida, the relevant conduct occurred in Florida, and, accordingly, discovery is inextricably tied to Florida. [*See* ECF No. 14 ¶¶ 31, 35]. Defendants chose to do business in Florida, and Plaintiff specifically chose to bring this action in Florida, a decision which "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). While not conceptually difficult, the claims in this action are based entirely on state law, and Florida courts are in the best position to decide such issues. *Arch Specialty Ins. Co. v. Goeseke*, 2019 WL 9633576, at *5 (S.D. Fla. Dec. 30, 2019) ("As Florida law, not federal, governs the substantive issue raised, Florida has a strong interest in this case and federal jurisdiction over the action would only encroach the province of the state court.") (citing *Geico Gen. Ins. Co. v. Pruitt*, 2009 WL 10666845, at *3 (S.D. Fla. Feb. 19, 2009)). Finally, Plaintiff maintains that it will not waive the right to a jury trial in this dispute. [*See* ECF No. 43 ¶ 8; ECF No. 43-2 at 17:22–23, 41:10–11]. Together, these facts weigh in favor of remanding this action to the state court.

### b. Mandatory Abstention Under 28 U.S.C. § 1334(c)(2)

Alternatively, and regardless of the Court's analysis regarding "related to" jurisdiction after dismissal of the bankruptcy court case, Plaintiff argues that this Court must remand this case pursuant to 28 U.S.C. § 1334(c)(2). "Under section 1334(c)(2), a district court is required to abstain from hearing a proceeding based on state law that is before the court based on federal bankruptcy jurisdiction if certain criteria are met." *Renaissance Cosms., Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 12 (S.D.N.Y. 2002). These criteria include: "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding. That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *See In re United Container LLC*, 284 B.R. 162,

9

171 (Bankr. S.D. Fla. 2002); 28 U.S.C. § 1334(c)(2). Here, each criterion is likely met and, therefore, the Court must abstain and remand the action under Section 1334(c)(2).

The instant action has no independent basis for federal jurisdiction apart from Section 1334(b). Defendants removed this case pursuant to Section 1334(b) for the sole purpose of transferring this action to the Northern District of Texas. [*See* ECF No. 11 ¶¶ 5–8]. There is no federal question implicated by the Complaint. *See supra* text accompanying note 3. Moreover, this Court does not have diversity jurisdiction as Defendant Van Der Burgh resides in Seminole County, Florida, which destroys complete diversity. *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 670 (E.D.N.Y. 2017) ("Federal courts only have diversity jurisdiction when there is complete diversity between the parties— that is, when all plaintiffs are citizens of different states from all defendants … This means that if any plaintiff is a citizen of the same state as any defendant, complete diversity does not exist, and diversity jurisdiction is lacking."). Defendants offer no viable alternative basis for jurisdiction in this matter. [*See generally* ECF No. 34].[8]

The Court must also consider whether the action is a "core proceeding," as a court may only remand a non-core proceeding. A "core proceeding" is "the sort of case that arises only in the bankruptcy context or involves rights created by federal bankruptcy law." *Wortley v. Bakst*, 844 F.3d 1313, 1318 (11th Cir. 2017). By contrast, a "non-core proceeding" is another name for a "related to" case, as described more fully in subsection (a). *Id.* (describing a "non-core proceeding" as one that is neither a bankruptcy case nor does it require application of the bankruptcy code); *see also Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Typical examples of "related to" or "non-core proceedings" are

---

[8] As discussed in *supra* text accompanying note 7, Defendants' argument that the Afritex bankruptcy created additional basis for this Court to exercise federal jurisdiction is not a viable argument.

10

cases "like a tort or contract dispute, that could potentially affect the bankruptcy estate." *Wortley*, 844 F.3d at 1318. In fact, contract cases are the quintessential example of an ancillary, non-core proceeding. *See, e.g.*, *In re Charter Co.*, 913 F.2d 1575, 1579 (11th Cir. 1990) ("The bankruptcy court conclusively determined, and CCOC did not challenge its determination, that CCOC's claims against Exxon involved only non-core, state law contract claims. This case presents only issues of state contract law.").

This case is likely *not* a "core proceeding." None of the thirteen causes of action require application of the bankruptcy code. [*See supra* text accompanying note 2; ECF No. 14 ¶ 31]. This dispute is essentially a breach of contract case, which is typically considered a non-core proceeding. [*See* ECF No. 1-6; ECF No. 14 ¶ 31]. At most, this case likely "relates to" the bankruptcy proceedings because an adjudication of contract liability may require the Defendants to pay damages which could conceivably come from the bankruptcy estate. [*See* ECF No. 34 at 4–5]. This alone, however, does not make this case a core proceeding.

The final criteria for the Court to consider under mandatory abstention is whether the action has been commenced in state court and whether the action could be timely adjudicated in state court. Here, it is undisputed that this case was commenced in February 2024 in state court. [*See* ECF No. 1 ¶ 1; ECF No. 14 ¶ 1]. However, whether a case can be "timely adjudicated" in state court requires determining "whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." *In re United Container LLC*, 284 B.R. at 174. This inquiry requires the weighing of multiple factors:

> (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the bankruptcy case; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case.

*Id.* at 175 (citing *In re Midgard Corp.*, 204 B.R. 764, 778-79 (10th Cir. 1997)).

Here, an evaluation of these factors indicate that the state court can timely adjudicate the case. The Facilitrace bankruptcy proceedings have been dismissed. Plaintiff served discovery on Defendants in the state court, Defendants have a pending motion to dismiss the Complaint in state court, and Plaintiff previously amended its Complaint several times in state court. [*See* ECF No. 14 ¶¶ 5, 28]. Together, these facts indicate that the case has progressed further in the state court and suggest that the state court may be more familiar with this dispute. Moreover, the issues in this matter are matters of state law best adjudicated by state courts. *Sunrise Sav. & Loan Ass'n v. LIR Dev. Co.*, 641 F. Supp. 744, 747 (S.D. Fla. 1986) (remanding a removed case where the remaining claims involved only state law). As for the sixth factor, Plaintiff has a right to a jury trial on these claims. [*See* ECF No. 43 ¶ 8]. Finally, as noted in *In re United Container LLC*, when the related bankruptcy case is a liquidation proceeding, courts tends to favor remand. 284 B.R. 162, 175 (Bankr. S.D. Fla. 2002) ("[I]n a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant" and remand is appropriate) (quoting *Midgard*, 204 B.R. at 779). Facilitrace filed a Chapter 7 liquidation petition here; but even more compelling, that proceeding has been dismissed. [ECF No. 43 ¶ 1].

Accordingly, in totality, the factors suggest that the state court can timely adjudicate this action. With each criterion of mandatory remand pursuant to 28 U.S.C. § 1334(c)(2) met, this Court must remand this action to state court.

### c. Discretionary Abstention Under 28 U.S.C. § 1334(c)(1) and Equitable Remand Under 28 U.S.C. § 1452(b)

As a final alternative, an action removed to federal court based solely on bankruptcy jurisdiction under 28 U.S.C. § 1334 may be remanded at any time and on any equitable ground pursuant to 28 U.S.C. § 1452(b) ("The court to which such claim or cause of action is removed may

remand such claim or cause of action on any equitable ground.") and 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."). This is referred to as "discretionary" or "permissive abstention," and it allows courts "broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law." *In re United Container, LLC*, 284 B.R. at 176. The Eleventh Circuit has held that "courts considering relief under these sections consider similar factors" when deciding whether to remand an action. *Id.* (citing *Thomas v. R.J. Reynolds Tobacco Company*, 259 B.R. 571, 578 (S.D. Miss. 2001)). These factors include:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.

*Id.* (citing *Thomas v. R.J. Reynolds Tobacco Company*, 259 B.R. 571, 578 (S.D. Miss. 2001)).

When considering these factors, the primary inquiry is "the degree of relatedness or remoteness of the proceedings to the main bankruptcy case"—i.e. is the ancillary case so related to the bankruptcy proceeding that it warrants a federal court retaining jurisdiction and deciding the ancillary case. *In re Vill. at Dadeland Assocs., LLC*, 2012 WL 3013935, at *1 (Bankr. S.D. Fla. July 23, 2012). As a general rule, "[w]hen a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling." *In re United Container,*

*LLC*, 284 B.R. at 177 (citing *In re Titan Energy, Inc.*, 837 F.2d 325, 332 (8th Cir. 1988)). Moreover, when the bankruptcy proceedings are terminated the connection to the state law claim is effectively severed, thus warranting abstention and remand. *Milian v. Wells Fargo & Co.*, 507 B.R. 386 (S.D. Fla. 2014). For instance, in *Milian v. Wells Fargo & Co.*, the Bankruptcy Court held that the discharge of the debtor's "no asset Chapter 7 bankruptcy proceeding" warranted abstention and remand of the ancillary case. 507 B.R. 386, 392 (S.D. Fla. 2014).[9] The court reasoned that "any determination by the bankruptcy judge on the owner of the Note will have no effect on the administration of the estate in bankruptcy" because the bankruptcy proceedings had ended. *Id.* Such is the case at bar.

Here, the Bankruptcy Court dismissed the proceedings with prejudice. [ECF No. 43 ¶ 8; ECF No. 43-1]. Accordingly, the federal court's burden of deciding this Complaint based entirely in state law is no longer weighed against the effect on the bankruptcy proceedings, as the Facilitrace bankruptcy proceedings were dismissed. And, as discussed more fully in subsection (a), there is no independent basis for jurisdiction. Therefore, the current status of the case weighs in favor of remand pursuant to the first, fifth, and sixth factors above. Further, the second, third, and fourth factors indicate that remand is appropriate because the Complaint is comprised entirely of state law claims, which although not particularly complex, are best decided by state courts. *See* discussion *supra*, subsection (b); *Sunrise Sav. & Loan Ass'n v. LIR Dev. Co.*, 641 F. Supp. 744, 747 (S.D. Fla. 1986) (remanding a removed case where the remaining claims involve only state law); [*see also* ECF No. 1-6]. Moreover, Plaintiff continues to reinforce its intent to pursue its right to jury trial, which satisfies factor eleven. [*See* ECF No. 43 ¶ 8]. Principles of comity also weigh in favor of remand because the

---

[9] This case was vacated in part for reasons unrelated to jurisdiction or abstention. *In re Milian*, 589 F. App'x 522 (11th Cir. 2015). Indeed, pursuant to 28 U.S.C. § 1334(d), "[a]ny decision to abstain or not to abstain made under subsection (c)…is not reviewable by appeal or otherwise by the court of appeals." *Id.* at 523 ("Pursuant to § 1334(d), we lack jurisdiction to consider the bankruptcy court's decision to abstain under 28 U.S.C. § 1334(c).").

case involves only state law claims, and there is a preference for state law claims to be resolved by state courts. Finally, any prejudice alleged by Defendants is outweighed by the other factors that predominate here.

Accordingly, based upon a review of the relevant factors, the Court concludes it should remand this case under the permissive abstention provision in § 1334(c)(1), or should equitably remand this case under § 1452(b).

### d. Plaintiff's Request for Attorneys' Fees and Costs

Plaintiff argues in its Motion that the Court should award Plaintiff its attorneys' fees and costs associated with prosecuting this motion to remand. [ECF No. 14 at 6]. 28 U.S.C. § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This section encompasses motions in cases removed based on bankruptcy jurisdiction. *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1333–34 (M.D. Fla. 2003). "Absent unusual circumstances, the standard for deciding whether attorney's fees should be awarded is whether the removing party has an objectively reasonable basis for removal." *Deja Ve Entertainment, LLC v. Allgood Entertainment, Inc.*, 2013 WL 12095573, at *2 (S.D. Fla. Feb. 22, 2013). However, "where the removing party lacked an objectively reasonable basis for seeking removal," a court may award attorneys' fees pursuant to section 1447(c). *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 133 (2005). However, "[a] district court need not find bad faith to award attorneys' fees under 28 U.S.C. section 1447(c)." *Green v. Careers USA, Inc.*, 2020 WL 13401905, at *3 (S.D. Fla. Apr. 7, 2020). And, ultimately, "[w]hether to award attorney's fees and costs under this subsection is within the Court's sole discretion." *Destel v. McRoberts Protective Agency, Inc.*, 2004 WL 746293, at *4 (S.D. Fla. Feb. 17, 2004) (citing *Deibel v. S.B. Trucking Company*, 262 F.Supp. 2d 1319, 1333 (M.D. Fla. 2003)).

In the instant case, Plaintiff argues that Defendants conspired to prolong this litigation by purposefully declaring bankruptcy of an assetless corporation to "manufacture" federal jurisdiction and thereby "forum shop" to a more convenient forum. [*See* ECF No. 14 ¶ 38]. Defendants respond that "Plaintiff has offered no justification that would support an exercise of the Court's discretion to award fees in this case. Accordingly, Plaintiff's request for fees should be denied." [ECF No. 34 at 11]. In its Reply, Plaintiff points to the Bankruptcy Court's dismissal of the proceedings as further evidence of Defendants' nefarious litigation tactics, arguing: "[Defendants] should have then proceeded to withdraw their demands for removal. They did not. In fact, they proceeded to file the Response in support of removal…*eleven days after the trustee concluded [the] investigation and found that the case should be dismissed*."[10] [ECF No. 43 ¶ 16 (emphasis in original)]. Plaintiff also argues that "there was no objectively reasonable basis for the Defendants to claim that this case related to the bankruptcy based on their claims for indemnification because there were no assets in the bankruptcy estate." [*Id.* ¶ 12].

However, the test for awarding fees is whether the principal objective in removing was to prolong litigation (warranting attorneys' fees) or based on a statutory right (which does not warrant attorneys' fees). *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 133 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to

---

[10]   In support of its argument, Plaintiff relies on *Daedalus Cap., LLC v. Vinecombe*, 2013 WL 12173613 (M.D. Fla. 2013). [ECF No. 43 ¶ 16]. In *Daedalus*, the Middle District of Florida stated that if a party "fail[s] to retreat from its demand for removal when the facial defects of removal are brought to its attention, an award of fees to the party seeking remand is warranted." *Daedalus*, 2013 WL 12173613, at *3. However, *Daedalus* is distinguishable from the instant action. In *Daedalus*, the defendant's removal was facially improper because the defendant did not file its notice of removal in "the district court of the United States for the district and division within which such action is pending" as required under 28 U.S.C. § 1446(a). *Id.* Additionally, the removing party failed to gain all of the defendants' consent to removal, unlike the instant case. *Id.* at *2; *see also supra* text accompanying note 4. Moreover, *Daedalus* was not removed pursuant to bankruptcy jurisdiction, as here—instead, the parties attempted to a consolidate an interpleader action under the court's federal question jurisdiction but failed to illustrate a federal question. *Daedalus*, 2013 WL 12173613, at *2.

prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."). Indeed, where "removal was initially proper under 28 U.S.C. § 1452, Plaintiff is not entitled to an award of costs and fees under 28 U.S.C. § 1447(c)." *Henry v. Chevrolet Div. of Gen. Motors Corp.*, 2011 WL 13302679, at *2 (M.D. Fla. Sept. 28, 2011) (holding that removal was proper, but ultimately remanding the case based on discretionary abstention pursuant to 28 USC § 1334 and, accordingly, finding that an award of attorneys' fees was not warranted). Moreover, courts within the Southern District of Florida typically award attorneys' fees only when defendant's abuse of removal is abundantly clear. For instance, in *Wilimington Savings Fund Society v. Diaz*, the defendant attempted to remove an ancillary state court case to federal court on three separate occasions, only to be remanded on all three occasions. 2021 WL 1072105, at *2 (S.D. Fla. Mar. 4, 2021). The court "classified [d]efendant's actions as a 'clear abuse of process'" and held that "[w]hile a party certainly has a right to remove as a general matter under 28 U.S.C. § 1447, it became abundantly clear here that this case did not warrant removal based on Defendant's prior failed attempts." *Id.*

Similarly, there is not enough evidence to show that Defendants abused the removal process to warrant a fee award in this case. Plainly, Facilitrace has a right to declare bankruptcy— while the timing of the petition is, at most, suspicious, the action is not inherently wrong. [ECF No. 1]. Moreover, Defendants properly removed this action to this Court based on the plain language of 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b), which allow parties to remove cases related to bankruptcy court proceedings. [*Id.* at 3]; 28 U.S.C. § 1452(a); 28 U.S.C. § 1334(b). It is also relevant that while the Bankruptcy Court ultimately dismissed the bankruptcy proceedings, it specifically found that there was a lack of evidence indicating overt forum shopping or otherwise warranting an award of attorneys' fees. [*See* ECF No. 43-2 at 41:17–22 ("So, again, under the totality of the circumstances, I do find dismissal is appropriate pursuant to Section 707(a) of the Bankruptcy Code. I am not going to shift

17

any attorney's fees here. It is a tough thing to meet Rule 11 standards, and I think this is where Ms. Driver's argument becomes the most meaningful, that there wasn't evidence.")]; [*see* ECF No. 43-2 at 42:12–25 ("It is quite true that people file bankruptcy every day to avoid burdensome litigation, to avoid foreclosures, to avoid repossessions … I think we would need a little more than just the record here to shift attorney's fees, so I am going to deny that request … Again, I'm kind of looking at the fact that the debtor did not put on any evidence to show, look, there was a valid bankruptcy purpose here that might have justified what we did. I think that would have been helpful.")].

Accordingly, Plaintiff has not presented sufficient evidence that Defendants have abused their right to removal, and therefore Plaintiff's request for attorneys' fees and costs is **DENIED**.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 14**] is **GRANTED IN PART and DENIED IN PART**. The case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Plaintiff's request for attorneys' fees and costs is **DENIED**. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on October 31, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record